JULIUS WILE & CO. v. UNITED STATES (two cases).

(Circuit Court, S. D. New York. May 19, 1909.)

Nos. 3950, 4275, 4296, 4301, 4303, 4635, 4638.

CUSTOMS DUTIES (§ 78*)—LEAKAGE OF VERMUTH—"WINES, LIQUORS, CORDIALS, OR DISTILLED SPIRITS."

Vermuth is not covered by Tariff Act July 24, 1897, c. 11, § 1, Schedule H, par. 296, 30 Stat. 174 (U. S. Comp. St. 1901, p. 1654), prescribing that no allowance of duty should be made for leakage of "wines, liquors, cordials, or distilled spirits," as the context indicates that Congress regarded vermuth as an independent article from those enumerated in said provision.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 194; Dec. Dig. § 78.*]

On Application for Review of Decisions by the Board of United States General Appraisers.

These proceedings are also entitled in the names of Hartman, Goldsmith & Co. (two cases), Weidemann Company, and Batjer & Co. (two cases.)

The decisions below affirmed the assessment of duty by the collector of customs at the port of New York on numerous importations containing vermuth. The case turns on the construction of Tariff Act July 24, 1897, c. 11, § 1, Schedule H. par. 296, 30 Stat. 174 (U. S. Comp. St. 1901, p. 1654), reading as follows:

"296. Still wines, including ginger wine or ginger cordial and vermuth, in casks or packages other than bottles or jugs, if containing fourteen per centum or less of absolute alcohol, forty cents per gallon; if containing

more than fourteen per centum of absolute alcohol, fifty cents per gallon. In bottles or jugs, per case of one dozen bottles or jugs, containing each not more than one quart and more than one pint, or twenty-four bottles or jugs containing each not more than one pint, one dollar and sixty cents per case; and any excess beyond these quantities found in such bottles or jugs shall be subject to a duty of five cents per pint or fractional part thereof, but no separate or additional duty shall be assessed on the bottles or jugs: Provided, that any wines, ginger cordial, or vermuth imported containing more than twenty-four per centum of alcohol shall be classed as spirits and pay duty accordingly: And provided further, that there shall be no constructive or other allowance for breakage, leakage, or damage on wines, liquors, cordials, or distilled spirits. Wines, cordials, brandy, and other spirituous liquors, including bitters of all kinds, and bay rum or bay water, imported in bottles or jugs, shall be packed in packages containing not less than one dozen bottles or jugs in each package, or duty shall be paid as if such package contained at least one dozen bottles or jugs, and in addition thereto, duty shall be collected on the bottles or jugs at the rates which would be chargeable thereon if imported empty. The percentage of alcohol in wines and fruit juices shall be determined in such manner as the Secretary of the Treasury shall by regulation prescribe."

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

D. Frank Lloyd, Asst. U. S. Atty.

PLATT, District Judge. So far as these cases relate to shortage of spirits, wines, etc., under the second proviso to paragraph 296, tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule H, 30 Stat. 174 [U. S. Comp. St. 1901, p. 1654]), that question has been decided by the United States Supreme Court in favor of the Government. Shaw v. United States, T. D. 29,412. Counsel for the importers, however, show that certain of the protests involved herein relate to items of vermuth and insists that said decision has no application thereto. The counsel abandons all claims except that concerning vermuth.

I am of the opinion that the said proviso to paragraph 296, which states "that there shall be no constructive or other allowance for breakage, leakage, or damage on wines, liquors, cordials, or distilled spirits," was not intended by Congress to include vermuth. When Congress enacted paragraph 296 it seems to have plainly had in mind vermuth as an independent exceptional article, because at the very beginning it found it necessary to mention it eo nomine after referring to still wines, and then in the middle of the paragraph when it made the first proviso it again singled out vermuth as one of the articles which, if containing more than 24 per cent. of alcohol, should be classed as a spirit. It would seem to me that, when it made a further proviso with regard to the articles as to which there should be no constructive or other allowance, etc., it would have continued its specific mention of vermuth, if it intended that provision to apply to that article; and the very fact it eliminated vermuth from that second proviso would seem to me to indicate that Congress intended to remove it from the effects of that proviso.

The decisions of the Board of Appraisers in the above-entitled suits are reversed so far as they cover items of vermuth. In all other respects they are affirmed.